UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**STEVE GARRISON**,

    Petitioner,

v.                                            **CIVIL NO. 00-570 LH/DJS**

**IRMA LUCERO, Warden ,**

    Respondent.


**MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**[1]

    1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in CR 98-109, CR 98-120, CR 98-229, CR 98-307, and CR 98-353 in the Twelfth Judicial District, Otero County, of New Mexico. In sum, Petitioner pleaded guilty to and was convicted of one count of Violation of the No Contact portion of an Order of Protection, a misdemeanor, one count of Violation of the No Abuse portion of an Order of Protection, a misdemeanor, one count of Assault, a petty misdemeanor, one count of Escape from Jail, a felony, and three counts of Issuance of Worthless Checks Under $25.00, another misdemeanor. Pursuant to those guilty pleas, Petitioner was sentenced to four years and three

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

months imprisonment, two years and nine months of which were suspended.

2. Petitioner challenges his conviction and sentence on three grounds: he asserts that his plea was not knowing and voluntary because he was mentally incompetent to plead guilty, that he was not afforded effective assistance of counsel and that the sentence which he received violated the terms of the plea agreement.

3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent concedes that Petitioner has exhausted his state court remedies.

4. Petitioner pleaded guilty in two separate proceedings in 1999. The first hearing was held on February 18, 1999 and the second on March 11, 1999. Petitioner's competency had been addressed at the February 18, 1999 plea hearing and the trial court noted that a stipulated order of competency had been entered after questioning Petitioner regarding the plea and the medications he was taking. At the March 11, 1999 plea hearing a full colloquy once again took place. The plea agreement from the March 11, 1999 hearing is contradictory, stating both that there is no agreement as to sentencing and that the maximum penalties are thirty days incarceration as to each of the three worthless check counts and eighteen months imprisonment as to the escape from jail count. On May 3, 1999, Petitioner appeared before a New Mexico District Judge for a sentencing hearing as to the convictions stemming from both plea hearings. The trial judge was uncertain as to his discretion to impose consecutive sentences for the convictions from the two hearings and questioned whether Petitioner's first plea was made contingent upon the understanding that the limitation on the sentence contained in the second plea agreement would apply to both cases. The trial judge questioned counsel

regarding their understanding of the bargains and continued the hearing until the prosecutor present at the first plea hearing was available to testify as to her understanding of the plea bargain.

5. On May 5, 1999 Petitioner appeared for a second sentencing hearing which resulted in the term of incarceration detailed in the first paragraph of these findings. The trial judge stated that he was considering running the sentences from the two pleas consecutively, for a term of imprisonment of over four years, and then suspending a portion of the sentence so that Petitioner's actual time of incarceration would not exceed two and one-half years. The court provided Petitioner with an opportunity to discuss the matter with his attorney and to determine whether he wished to withdraw his plea in light of the possible sentence. Through counsel, Petitioner indicated that he wished to go ahead with sentencing after discussing the matter with his attorney. Petitioner confirmed his attorney's representations when questioned by the court. Essentially, Petitioner now argues that the trial court should have undertaken another plea colloquy and made a fresh determination of his mental state at the May 5, 1999 hearing and that his attorney was ineffective for not requiring such proceedings.

**INVOLUNTARY PLEA**

6. The substantive due process aspect of competency in a §2254 proceeding was addressed in Nguyen v. Reynolds, 131 F.3d 1340, 1346 (10th Cir. 1997) cert. denied 525 U.S. 842 (1998), where the Tenth Circuit Court of Appeals explained:

> Competence to stand trial requires that a defendant have "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and "a rational as well as factual understanding of the proceedings against him." Dusky v. United States, 362 U.S. 402, 402 (1960). Trial of an incompetent defendant violates substantive due process. Cooper v. Oklahoma, 517 U.S. 348, ----, 116 S.Ct. 1373, 1376 (1996); United States v. Williams, 113 F.3d 1155, 1160-61 (10th Cir.1997); Sena v. New Mexico, 109 F.3d 652, 654 (10th Cir. 1997). "A *habeas* petitioner is entitled to a *nunc pro tunc* evidentiary hearing for the purpose of proving that he was incompetent at the time of trial only 'when he makes a

showing by clear and convincing evidence to raise threshold doubt about his competency.' " Carter v. Johnson, 110 F.3d 1098, 1106 (5th Cir.1997) (quoting Lokos v. Capps, 625 F.2d 1258, 1261 (5th Cir.1980)). "In order ... to raise such doubt, [the petitioner] must present facts sufficient 'to positively, unequivocally and clearly generate a real, substantial and legitimate doubt' concerning his mental capacity." Id. (quoting United States v. Williams, 819 F.2d 605, 609 (5th Cir.1987)).

The standard for determining competence to enter a guilty plea is the same as that required to determine competence to stand trial: whether the defendant can understand the proceedings and assist counsel in preparing a defense. See Godinez v. Moran, 509 U.S. 389, 396-99 (1993). In this case, Petitioner's competency was addressed at the February 18, 1999 plea hearing and again at the March 11, 1999 plea hearing. In order for Petitioner to succeed in his claim that he was denied due process, this Court would have to conclude that a third inquiry into his competence was required at the time of his sentencing hearing. Cf. United States v. Crews, 781 F.2d 826, 833 (10th Cir.1986) (finding the fact that defendant had been a hospitalized mental patient insufficient to raise doubt requiring hearing), with Sena v. New Mexico State Prison, 109 F.3d 652, 655 (10th Cir.1997) (finding substantial doubt raised by prior adjudication of incompetence which gave rise to "a rebuttable presumption of continued incompetence"). Given the fact that Petitioner's mental state was addressed at each of the plea hearings and that his counsel was asked about his mental state at the sentencing hearing, no further hearing or inquiry regarding Petitioner's mental state was required at his sentencing. This case is distinguishable from Sena, *supra*, in that two separate inquiries into Petitioner's competency were conducted, whereas in Sena no formal competency hearing or inquiry was held.

### VIOLATION OF PLEA AGREEMENT

7. Petitioner asserts that the sentence of fifty-one months imprisonment, thirty-three months of which were suspended, violated his plea agreements. The first plea agreement he entered into,

which was accepted on February 28, 1999, specified a maximum sentence of thirty months imprisonment. His second plea agreement, which was accepted on March 11, 1999, carried a maximum term of imprisonment of twenty-one months. When Petitioner initially appeared for sentencing, on May 3, 1999, the trial court inquired as to whether there was any impediment to running the sentences consecutively. No impediment to consecutive sentences appeared in the text of the plea agreements. At the May 5, 1999 sentencing hearing, the prosecutor present at the plea hearing said the her recollection was that the state's position was that sentences from the two guilty pleas should run concurrently but that the court was not bound by any agreement as to sentencing.

    8. New Mexico trial courts have discretion to order sentences for multiple convictions to be served consecutively. State v. Smith, 102 N.M. 350, 352 (Ct.App. 1985) overruled on other grounds, 107 N.M. 455 (1988); State v. Lopez, 99 N.M. 612, 613 (Ct.App. 1983); State v. Mayberry, 97 N.M. 760, 762 (Ct. App. 1982); State v. Padilla, 85 N.M. 140, 143 (1973). Further, the imposition of separate sentences to run consecutively is lawful and violates no federally protected right. Trujillo v. Patterson, 266 F.Supp. 901 (D.Colo. 1966) aff'd per curiam, 389 F.2d 1003 (10th Cir. 1967)(cited in Padilla, 84 N.M. at 143). If Petitioner had been subject to separate sentencing hearings following each of his plea agreements where the sentence from the second agreement was set to run consecutively to any sentences he was currently serving, no due process right would be implicated. Given that he agreed to two separate agreements which presented him with a potential total sentence of fifty-one months, thirty months from one agreement and twenty-one months from the second, combined with the fact the Petitioner was provided with an opportunity to withdraw his guilty pleas prior to the imposition of the fifty-one month sentence, no due process violation occurred.

**INEFFECTIVE ASSISTANCE OF COUNSEL**

9. In order to demonstrate that his counsel's performance was so ineffective as to violate the Sixth Amendment, Petitioner must show that counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). Petitioner must also demonstrate that he was prejudiced by his counsel's ineffectiveness, meaning that he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. In the context of a guilty plea, the prejudice prong of Strickland requires that Petitioner demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

10. Petitioner's contention that his attorney was ineffective fails because he has not shown that his attorney's performance was deficient. Petitioner faults his attorney for failing to require the trial court to conduct an inquiry as to Petitioner's competence at the time of his sentencing. He also faults his attorney for failing to ensure that he was knowingly and intelligently agreeing to the sentence imposed at that hearing, which he characterizes as the result of a substantially modified plea agreement. Petitioner argues that although he was found to be competent and knowingly and intelligently entered into two plea agreements two and three months before the sentencing hearing, his counsel should have sought a full colloquy at the sentencing hearing.

9. Petitioner's trial counsel's performance did not fall below an objective standard of reasonableness. Review of the record proper reveals, and Petitioner does not dispute, that his attorney consulted with him after the May 3, 1999 hearing and during the May 5, 1999 hearing. In order to find ineffective assistance of counsel, this Court would be required to conclude that Petitioner's

attorney ignored the fact that Petitioner was unable to participate in those consultations. However, "[j]udicial scrutiny of counsel's performance must be highly deferential." <u>Strickland</u>, 466 U.S. at 689. Further, Petitioner offers no facts to indicate that he would have chosen to have gone to trail absent his counsel's performance or that he had any defenses available to the charges against him. Consequently, he has failed to show that he was afforded ineffective assistance of counsel.

### RECOMMENDED DISPOSITION

That the petition be denied and this matter dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**